UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dorothy Mae Thompson, | ) | C/A No. 7:12-3379-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Department of Treasury, Internal | ) | REPORT AND RECOMMENDATION |
| Revenue Service, IRS, | ) | |
| | ) | |
| Defendant. | ) | |

Dorothy Mae Thompson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action disputing the Internal Revenue Service's determination that Plaintiff owes additional income taxes for 2010. ECF No. 1, page 3.  Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons that follow, the undersigned recommends that the District Judge dismiss this action, without prejudice and without issuance and service of process.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of  the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  Further, as Plaintiff is a *pro se* litigant, her pleadings are

accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth herein below that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## DISCUSSION

The Complaint alleges that Plaintiff claimed her grandson as a dependent on income taxes filed in 2010. ECF No. 1, page 3. After Plaintiff received her 2010 tax refund, the Internal Revenue Service ("IRS") informed Plaintiff that another person also claimed her grandchild as a dependent. *Id.* Thus, the IRS allegedly notified Plaintiff that she owes money to the IRS from the tax refund. *Id.* However, Plaintiff claims that her amended 2010 income taxes reveal that the IRS owes her money. *Id.* Plaintiff indicates that she "cannot accept the decision of the IRS because it is incorrect." *Id.* at 5. Plaintiff asks the court for a refund of monies the IRS owes her from 2010, plus any interest and penalties. *Id.*

"Section 1346(a)(1) of Title 28 of the United States Code gives federal district courts jurisdiction over suits against the United States 'for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'" *Webb v. United*

*States*, 66 F.3d 691, 693 (4th Cir. 1995)[1].  However, to bring such a claim in federal court, a plaintiff must first file a"claim for refund or credit" with the IRS.  *Id.*; *see also* 26 U.S.C. § 7422(a). A plaintiff must also pay the full tax before bringing suit in federal court.  *Flora v. United States*, 362 U.S. 145, 146 (1960)("full payment of the assessment is a jurisdictional prerequisite to suit"); *see also Stephenson v. Brady,* No. 90-3042, 1991 WL 22835 at *4 (4th Cir. Feb. 26, 1991)(recognizing the "established principle that a taxpayer must pay the assessment before he may challenge it"); *Ivester v. United States Internal Revenue Serv.*, C/A No. 6:96-2958-21AK, 1997 WL 370156 (D.S.C. March 20, 1997)(taxpayer must make full payment of the assessed tax for the period at issue).  In *Flora*, the Supreme Court "acknowledged the hardship that might be generated by [the requirement of full payment], but pointed out that a taxpayer has the option of seeking redress in the tax court without having to pay anything."  *Moore v. United States*, 394 F. Supp. 2d 782, 784–85 (D.S.C. 2005).

The Complaint *sub judice* failed to indicate whether Plaintiff paid the disputed taxes and filed a "claim for refund or credit." Therefore, the undersigned issued an order directing Plaintiff to answer special interrogatories.  ECF No. 9.  Plaintiff's answers indicate that she filed a "claim for refund or credit" pursuant to 26 U.S.C. § 7422(a).  ECF No. 12. However, Plaintiff did not pay the disputed taxes. *Id.*  Because Plaintiff has not alleged payment of the disputed taxes, this Court lacks jurisdiction to hear her claim.   *Flora*, 362 U.S. at 146; *see also Brown v. United States*, No. 91-1235, 1992 WL 104822 at *2 n*(4th Cir. May 19,

---

[1] "With respect to suits against it for tax refunds . . . the United States has to some extent waived its sovereign immunity."  *Webb*, 66 F.3d at 693 (citing 28 U.S.C. §1346(a)(1)).

1992)(challenge to a tax assessment properly dismissed for lack of jurisdiction, because "[a] prerequisite for challenging a tax assessment in federal district court is payment of the full assessment")(citations omitted); *Jacobs v. IRS*, C/A No. 4:06-599, 2007 WL 895782 at *3 (D.S.C. March 21, 2007)("[P]rerequisites to suit include filing a proper claim with the Secretary, and payment of the disputed taxes . . . .Plaintiff bears the burden of establishing jurisdiction.")(citations omitted); *Felkel v. United States*, 861 F. Supp. 507, 511 (D.S.C. 1994) ("essential prerequisite to a refund suit is the full payment of the tax liability"); *Lamb v. United States*, 587 F. Supp. 209, 211 (D.S.C. 1984)("[F]ull payment of the income tax assessment is a jurisdictional prerequisite to the maintenance of a refund suit in this Court.").

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint *without* prejudice and without service of process.

January 23, 2013                                              s/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge


***Plaintiff's attention is directed to the important notice on the next page.***

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).